534 A.2d 842

**Leroy F. BROWN, Appellant,**

v.

**RACQUETBALL CENTERS, INC., t/d/b/a Lehigh Valley Racquet and Fitness Centers, Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 5, 1987.

Filed Dec. 22, 1987.

James M. Lillis, Reading, for appellant.

Jeffrey R. Dimmich, Allentown, for appellee.

Before BROSKY, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

The Plaintiff/Appellant, Leroy Brown, commenced this action by a complaint filed on April 11, 1986, against Defendant/Appellee Racquetball Centers, Inc., t/d/b/a Lehigh Valley Racquet & Fitness Centers. (Racquetball Centers, Inc., owns and operates several facilities, including the Westend Racquetball Club hereinafter designated as the "Club"). When Brown became a member of the Club on September 27, 1984, he was required to complete and sign a two sided application form, which included the following release:

I, LeRoy F. Brown, voluntarily enter the Westend Racquet Club, ... to participate in the athletic, physical and social activities therein. I have inspected the premises and know of the risks and dangers involved in such activities as are conducted therein and that unanticipated and unexpected dangers may arise during such activities. *I hereby and do assume all risks of injury to my person and property that may be sustained in connection with the stated and associated activities in and about those premises.* (Emphasis added).

In consideration of the permission granted to me to enter the premises and participate in the stated activities, I hereby, for myself, my heirs, administrators and assigns, release, remise and discharge the owners, operators and sponsors of the premises and its activities and equipment and their respective servants, agents, officers, and all other participants in those activities of and from all claims, demands, actions and causes of action of any sort,

for injury sustained to my person and/or property during my presence on the premises and my participation in those activities due to negligence or any other fault.

On May 9, 1985, as Appellant was exiting the shower facilities at the Club, he slipped on the wet tile floor and fell, striking his head and suffering numerous injuries. Appellant claims that this accident was a direct and proximate result of the Appellee's negligent maintenance of the shower room. In its New Matter, the Club contended that the application form signed by Brown, operated to release the Club from liability for Brown's injuries. The Club filed a motion for Summary Judgment which was granted by Order of May 6, 1987. For the reasons expressed herein we reverse.

Generally, an exculpatory clause is valid if:

(a) it does not contravene any policy of the law, that is, if it is not a matter of interest to the public or state; (b) the contract is between persons relating entirely to their own private affairs; (c) each party is a free bargaining agent and the clause is not in effect a mere contract of adhesion whereby one party simply adheres to a document which he is powerless to alter, having no alternative other than to reject the transaction entirely.

*Princeton Sportswear Corp. v. H & M Associates*, 510 Pa. 189, 193, 507 A.2d 339, 341 (1986).

■ In the case sub judice there is no need to address whether the release contravened public policy or satisfied the other criteria, since we find that in no way does this release absolve the releasee of liability for its own acts of negligence.

The law requires that before an exculpatory clause will be interpreted and construed to relieve a person of liability for that party's own or its servants' or agents' acts of negligence it must:

spell out the intention of the parties with the greatest of particularity ... and show the intent to release from

16

liability beyond doubt by express stipulation and no inference from words of general import can establish it. *Id.* 510 Pa. at 193, 507 A.2d at 341 (citations omitted).

The release in question does not spell out the intention of the parties with the necessary particularity. The language does not set forth in an unambiguous manner that the releasor, in signing the agreement, intends to absolve the releasee of liability for the releasee's own negligence. Instead, the language can more clearly be interpreted to relieve the Club of liability as the result of injuries sustained by a member while participating in certain activities of the Club.

■ Contracts providing for immunity from liability from one's own negligent acts are disfavored by the law and therefore require strict adherence to the above elaborated standards. *Employers Liability Assurance Corporation v. Greenville Business Men's Association*, 423 Pa. 288, 224 A.2d 620 (1966). The release signed by Appellant Brown does not satisfy these standards. In so holding we reverse the order of the trial court granting summary judgment in the favor of Appellee.