## Moore v. Ski America Inc.

*Henry O. Heiser II*, for plaintiff.
*Michael O'Hayes*, for defendant.

KUHN, *J.*, November 13, 1989 — Plaintiff brought this action for injuries received February 1, 1986, while skiing at a public ski area owned and operated by defendant. Plaintiff rented skis, bindings, boots and poles from defendant's rental concession. Approximately eight and one-half hours later plaintiff fell, causing injury to her knee. She alleges that the safety bindings failed to release properly.

In count I plaintiff alleges that defendant is liable under section 402A of the Restatement (Second) of Torts as a supplier of defective bindings. In count II she alleges that defendant was negligent in failing to properly select, adjust or fit the bindings and in failing to warn her of the risks of injury associated with skis and bindings.

Defendant has filed a motion for summary judgment asserting that the exculpatory language in a

rental agreement[1] signed by plaintiff is dispositive of her claims.

We have addressed this identical issue in *Jankowski v. Ski Roundtop Inc.*, 28 Adams Leg. J. 87 (1986). We are not persuaded that the authority cited therein is no longer the law in Pennsylvania.

Plaintiff asks that we adopt the reasoning of Justice Hoffman's dissent in *Zimmer v. Mitchell & Ness*, 253 Pa. Super. 474, 385 A.2d 437 (1978)[2] and the view of Justices Brosky, Del Sole and Hoffman in *Brown v. Racquetball Centers Inc.*, 369 Pa. Super. 13, 534 A.2d 842 (1987). These respected justices felt that clauses which releases one "from any and all liability" or where one "assumes all risk of injury to my person" were not sufficiently particular to absolve the releasee of liability for its own negligence.

However, the majority of the Superior Court specifically addressed this concern and reached a contrary result by stating:

"In the instant case, the main exculpatory clause is the fourth paragraph of the agreement, releasing appellee 'from any liability for damage and injury to.

---

1. The document reads:

   *"Please Read Before Signing"*

   *"I accept for use as is the equipment listed on this form* and accept full responsibility for the care of the equipment while it is in my possession, and agree to reimburse Ski Liberty for any loss or damage other than reasonable wear resulting from use.

   "I understand that the *releaseable bindings* furnished herewith *are designed to reduce the risk or degree of injuries* from falling and that *these bindings will not release under all circumstances and are no guarantee for my safety.*

   "I furthermore release Ski Liberty and/or any employee thereof from any liability for damage and injury to myself or to any person or property resulting from the use of this equipment, accepting myself the full responsibility for any and all such damage or injury.

   *"I the undersigned have read the above rental agreement.*

   "Customer signature /s/Sandra Moore. Date 2/1/86."

2. Affirmed per curiam 490 Pa. 427, 416 A.2d 1010 (1980).

myself or to any person or property resulting from the use of this equipment . . . ' To say that negligent conduct is not included in '*any* liability' is patently incorrect. The dissent suggests a further tortured reading of the clause, and would hold that the alleged liability in this case did not accrue from 'use of the equipment,' but from appellee's failure to inspect and fit the bindings for appellant. It is clear that the accident occurred while appellant was using the equipment and that appellant's injury was at least compounded by the equipment's failure to function as it should have." 253 Pa. Super. at 480, 385 A.2d at 440.

We appreciate counsel supplying the court with copies of the briefs in *Zimmer v. Mitchell & Ness, supra*. Those briefs make clear that the Superior Court was not presented with the issue of the impact of the exculpatory disclaimer on the section 402A claim. We, therefore, cling to our analysis on this issue set forth in *Jankowski, supra*.

Therefore, we enter the attached

## ORDER OF COURT

And now, November 13, 1989, defendant's motion for summary judgment as to count I is denied but as to count II is granted.